# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2026

Lyle W. Cayce
Clerk

———————

No. 25-30673

———————

Micah 6:8 Mission; Healthy Gulf,

*Plaintiffs—Appellants*,

*versus*

Reynolds Metals Company, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:25-CV-156

———————————————————————

Before Willett, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Public reports made by government bodies are the proper subject of judicial notice, but courts may not accept disputed facts contained in those reports to establish their truths. Because the district court did so here, we VACATE and REMAND for further proceedings.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30673

## I

Reynolds Metals Company, L.L.C. operates a petroleum coke calcining facility in Lake Charles, Louisiana. Micah 6:8 Mission and Healthy Gulf (Plaintiffs) brought a citizen suit under the Clean Water Act, alleging that Reynolds was violating the Act by discharging pollutants from its facility. *See* 33 U.S.C. §§ 1311(a), 1342.

Prior to filing suit, Plaintiffs notified Reynolds, the Louisiana Department of Environmental Quality (LDEQ), and the Environmental Protection Agency of the alleged violations and Plaintiffs' intent to file suit, as required by the Clean Water Act. The LDEQ investigated the allegations and determined that Reynolds was not discharging pollutants in violation of the Clean Water Act.

Reynolds moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that because the LDEQ found no Clean Water Act violation, the district court lacked subject-matter jurisdiction and Plaintiffs failed to state a claim. Reynolds also moved the court to take judicial notice of the LDEQ memo that concluded there was no Clean Water Act violation.

The district court took judicial notice of the LDEQ memo. The court then "defer[red] to the LDEQ's decision that there was no violation by Reynolds" and dismissed for a lack of subject-matter jurisdiction. Plaintiffs requested that the court reconsider its ruling dismissing for lack of jurisdiction and argued that the court erred by deciding the case on the merits when dismissing for lack of jurisdiction. The district court denied reconsideration.

No. 25-30673

## II

We review a district court's dismissal for lack of jurisdiction de novo, *Robledo v. United States*, 147 F.4th 515, 519 (5th Cir. 2025), and use of judicial notice under Federal Rule of Evidence 201 for an abuse of discretion, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## III

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Courts may take judicial notice of public records produced by a government body, like the LDEQ memo at issue here. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). But courts cannot take notice of the content of public records for its truth. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (recognizing that, when taking judicial notice, "[s]uch documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents"); *see Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255 (5th Cir. 2021) (per curiam). Despite the district court's acknowledgement of this prohibition, it deferred to the LDEQ's finding that Reynolds did not violate the Clean Water Act and dismissed the case on that basis. Because whether Reynolds violated the Clean Water Act by discharging certain pollutants is not generally known within the jurisdiction nor beyond reasonable question, the district court abused its discretion by relying on the LDEQ memo to find that Reynolds was, in truth and in fact, not discharging pollutants. *See United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) ("A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the

3

evidence." (citation omitted)); *Aransas Project v. Shaw*, 775 F.3d 641, 655 (5th Cir. 2014) (per curiam).

On remand, the district court should reconsider its subject-matter jurisdiction without relying on the LDEQ memo for its truth. The court has subject-matter jurisdiction to hear citizen suits under the Clean Water Act when the plaintiff "allege[s]" that the defendant is "in violation of" the Act. 33 U.S.C. § 1365(a)(1). Allegations of wholly past violations are insufficient to confer jurisdiction. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66–67 (1987). Rather, the statute "confers jurisdiction over citizen suits when the citizen-plaintiffs make a good-faith allegation of continuous or intermittent violation" of the Act. *Id.* at 64.

On remand, the district court should reconsider its subject-matter jurisdiction—without relying on the LDEQ's finding of no violation. The court has subject-matter jurisdiction to hear the suit if it finds that Plaintiffs made a good-faith allegation that Reynolds is in ongoing violation of the Clean Water Act. *See* 33 U.S.C. § 1365(a)(1); *Gwaltney*, 484 U.S. at 64–65. "The statute does not require that a defendant 'be in violation' of the Act at the commencement of suit; rather, the statute requires that a defendant be '*alleged* to be in violation.'" *Id.* at 64.

*        *        *

The district court's order granting Reynolds' motion to dismiss is VACATED. We REMAND for further proceedings consistent with this opinion.

4